CRAIN, Judge.
Plaintiff, Richard Feder, claims that his procedural due process rights were violated when he was not given a hearing prior to being terminated from his classified civil service position. Made defendants were his employer, the city of Hammond; the mayor of Hammond, Debra M. Pope; and the Municipal Police and Fire Protection Civil Service Board for the city of Hammond. Feder is appealing the lower court’s dismissal of his claim on the grounds that it failed to state a cause of action.
FACTS AND PROCEDURAL HISTORY
Feder was employed as a policeman for the city of Hammond. On June 1, 1982, while on duty, he was injured in an automobile accident. He was placed on sick leave and underwent back surgery. He claims that his injuries have left him with a permanent, partial disability. Approximately one year after the accident Feder’s sick *271 leave ran out, and the city discharged him. He was not afforded a pretermination hearing prior to dismissal as state law does not provide for one.
On November 15, 1983, the Board conducted a post-termination hearing and found that in accordance with La.R.S. 33:2471, Feder was terminated in good faith and for cause. On December 13, Fed-er filed an appeal from this ruling in state district court. However, to date, no action has been taken on this appeal. Instead of pursuing the appeal of the Board’s decision, Feder filed a petition in federal district court. In this petition, Feder sought to be reinstated pending the state court appeal and demanded three million dollars in damages, pursuant to 42 U.S.C.A. § 1983. He alleged a violation of his civil rights, claiming that he had been denied due process when he was not given a pre-termination hearing and that he was fired without “cause”.
On October 17, 1984, the federal district court dismissed Feder’s petition, without prejudice, on the grounds that it failed to state a cause of action. Two months later, on December 17, Feder returned to the state court and filed a duplicate of the petition he had filed in federal court. The state district court also dismissed Feder’s petition on the grounds that it failed to state a cause of action. From this judgment Feder appeals.
RES JUDICATA
On appeal, defendants re-urge an exception of res judicata which they brought in the lower court, but which the court did not rule on. They claim that the now final federal court judgment of dismissal bars Feder from litigating the same claim in state court. We disagree. The federal court judgment dismissed Feder’s claim “without prejudice”. A judgment rendered without prejudice cannot serve to bar another suit on the same cause of action. La.C.C.P. art. 1673. Accordingly, there is no merit in defendants’ exception.
NO CAUSE OF ACTION
We find that Feder’s petition states a cause of action for a violation of his procedural due process rights. Accordingly, we reverse the lower court’s ruling and remand for further proceedings. Our decision is largely based upon a recent United States Supreme Court decision, Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). In Loudermill, a classified civil servant was terminated for cause, and given a full post-termination administrative review of his termination. He was not, however, afforded a preter-mination opportunity to contest his dismissal. After the review, the employee’s termination was upheld. On appeal, the Supreme Court held that the Due Process Clause of the 14th amendment requires “some kind of a [pretermination] hearing”.
Apparently, the lower court dismissed Feder’s petition because it felt that Feder did not follow proper procedure when he chose not to pursue the appeal of the Board’s ruling and obtain a final adjudication of the termination. Ordinarily, Feder could have raised the question of his entitlement to a pretermination hearing in the appeal from the Board’s ruling. Nevertheless, in Loudermill, the plaintiff employee also chose to forgo judicial review in state court of the administrative agency’s decision. On appeal, the Supreme Court noted that the Sixth Circuit Court of Appeal had rejected the state agency’s claim that Loud-ermill’s petition be dismissed for failure to exhaust administrative remedies. Likewise, Feder could not be limited to attacking the procedures at issue solely in the appeal of the agency’s ruling.
In accordance with these precepts, and without reaching the merits of Feder’s claim, we reverse and remand. Feder alleged that he was entitled to a pretermination hearing and was terminated without one. In view of Loudermill this states a cause of action. Moreover, according to Loudermill, plaintiff did not need to exhaust the administrative review available to him prior to attacking the constitutionali *272 ty of his discharge.[1] However, we make no determination whether under the merits of this case, Feder is entitled to any relief under Loudermill.
DECREE
For the above and foregoing reasons, the judgment of the trial court is reversed. The case is remanded for further proceedings not inconsistent with this opinion. Defendants are cast for trial court and appellate costs in the amount of $905.59. La. R.S. 13:5112(A); La.C.C.P. art. 2164.
REVERSED AND REMANDED.

. We specifically note that we are holding that in view of Loudermill, plaintiffs petition states a cause of action requiring determination of the constitutionality of his discharge without a pre-termination hearing. We in no way express any opinion as to plaintiffs § 1983 action. Louder-mill was not a § 1983 action but was simply a suit to declare unconstitutional Ohio’s procedures for dismissing civil service employees.